UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JANET ROSTER,

    Plaintiff,

v.                                                              Case No.:  2:21-cv-806-JLB-KCD

GEOVERA SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

Before the Court is Defendant's Motion to Strike Plaintiff's Expert Witnesses and Expert Disclosures. (Doc. 37.) Plaintiff has not responded, and the time to do so expired. The Court thus treats this matter as unopposed. *See* M.D. Fla. R. 3.01(c). For the reasons below, Defendant's motion is granted in part and denied in part.

### I. Background

This is an insurance dispute. Defendant GeoVera Specialty Insurance Company insured Plaintiff Janet Roster's property in Port Charlotte. (Doc. 37 ¶ 1.) In 2020, Roster submitted a claim for water damage. GeoVera allegedly "failed to acknowledge coverage" or "make any payment of insurance proceeds." (Doc. 3 ¶ 18.) This lawsuit for breach of contract followed.

At issue now is Roster's expert disclosure. The Court's scheduling order required her to identify any expert witnesses by October 31, 2022. That deadline passed with nothing from Roster. But two weeks later, she served on GeoVera a document titled "Rule 26 Expert Witness Disclosure." (Doc. 37-1.) Therein, Roster identified Carlos Martorell and Benito Alvarez as "hybrid expert/fact witnesses." (*Id.*)

This is what the disclosure says for Mr. Martorell:

> Carlos Martorell– Public Adjuster
> Leading Public Adjusters, Inc.
> Miami, FL
> 305-490-5590
> Hybrid Fact/Expert Witness
>
> Mr. Martorell is a licensed public adjuster who has extensive work experience working as an independent adjuster. Mr. Martorell is a licensed public adjuster employed by Leading Public Adjusters, Inc. He is expected to testify regarding his evaluation and inspection of the damage to the insured's property. He is also expected to testify regarding the estimated amount of repairs necessary to fix or repair the damage to the insured's property. A copy of Mr. Martorell's CV and Leading Public Adjusters, Inc. Estimate/Report is being provided to counsel, contemporaneously with this disclosure.

And for Mr. Alvarez:

> Benito Alvarez–licensed plumber; performed video, sewer scope, and evaluation of the sewer drain line.
> Plumbing Diagnostics
> 12011 SW 129th Court, Bay 2
> Miami, Florida 33186
> Telephone: (786)250-4557

> Plumbing Diagnostics is a company of licensed plumbers operating under master plumber license CFC037112. Benito Alvarez is a licensed plumber employed by Plumbing Diagnostics. He is expected to testify regarding the evaluation and inspection of the insured's drainage lines. A copy of Mr. Alverez's CV and the Plumbing Diagnostic Report is being provided to counsel, contemporaneously with this disclosure.

(Doc. 37-1 at 1-2.)[1] The disclosure also included two attachments. The first is an estimate of the damage to Roster's residence. (*Id.* at 4-18.) Although unsigned, the estimate appears written by Martorell. The second attachment is a plumbing invoice from Alvarez. (*Id.* at 19-21.)

GeoVera contacted Roster after receiving the disclosure, alerting her it was late and did not comply with Rule 26. (Doc. 37-1.) Roster never responded. GeoVera now moves the Court to strike Roster's expert disclosure or order her to provide the information required under Rule 26. (Doc. 37 at 14.)

## II. Discussion

Federal Rule of Civil Procedure 26 provides that a party must disclose any witness expected to provide expert testimony. But not all experts are treated the same. The disclosure for an expert "retained or specially employed to provide expert testimony" must include a report detailing all opinions the

---

[1] This document is not paginated. Reference is thus made to the page numbers generated in CM/ECF.

expert will express and the basis for them. Fed. R. Civ. P. 26(a)(2)(B).[2] The report must also include "any exhibits that will be used to summarize or support [the opinions]," "the witness's qualifications," and "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." *Id.*

Then there are nonretained experts, who are fact witnesses that may also provide limited opinion testimony based on their personal observations and professional training. Treating physicians are the prototypical nonretained expert because their testimony is based on personal experience—*i.e.*, treating the patient—but it also extends to "explanations of scientific and technical information not grounded in their own observations." *Kaplan v. Kaplan*, No. 2:10-CV-237-FTM-99, 2012 WL 1660605, at *1 (M.D. Fla. May 11, 2012). "Nonretained experts need only provide the subject matter, facts, and opinions of their testimony." *Wainey v. United States*, No. 2:20-CV-969-SPC-NPM, 2022 WL 7026460, at *3 (M.D. Fla. Oct. 12, 2022). This disclosure is considerably less extensive than a full report, and "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not

---

[2] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

been specially retained and may not be as responsive to counsel." Fed. R. Civ. P. 26, Advisory Committee Notes to 2010 Amendment.

GeoVera's motion presumes that Roster retained her experts. Thus, it claims she needed to provide full-throated reports. (*See* Doc. 37 at 12 (arguing that Roster's disclosure "did not include the necessary documentation, including expert reports and opinions").) But it is not clear from the record that Roster's experts were retained. In fact, it appears Martorell and Alvarez were hired to assess and repair Roster's house rather than offer expert testimony in a lawsuit. This would put them in the nonretained category. *See, e.g.*, *Monterey at Malibu Bay Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 20-CV-24587, 2022 WL 1197414, at *1 (S.D. Fla. Apr. 22, 2022); *Sands Pointe Ocean Beach Resort Condo. Ass'n, Inc. v. Westchester Surplus Lines Ins. Co.*, No. 1-21-CV-20806-JEM, 2022 WL 354851, at *2 (S.D. Fla. Jan. 13, 2022).

Ultimately, this distinction doesn't matter. Even treating Martorell and Alvarez as nonretained experts, Roster's disclosure still falls short.

While a nonretained expert need not provide a full report, a party must do more than "identify generic subject areas of anticipated testimony, without identifying the actual substance or content of the opinions." *Almonte v. United States*, No. 19-80129-CIV, 2021 WL 3418402, at *3 (S.D. Fla. Apr. 21, 2021). There must, at minimum, be "summaries of the facts and opinions to which the

5

witnesses are expected to testify." *Leibson v. TJX Companies, Inc.*, No. 8:17-CV-1947-T-33TGW, 2018 WL 3868708, at *3 (M.D. Fla. Aug. 14, 2018).

While Roster has undoubtedly outlined the subjects her experts will discuss, there is no legitimate summary of the facts and opinions. For example, Martorell's disclosure states he will testify "regarding his evaluation and inspection of the damage to the insured's property." Nowhere, however, does Roster provide the opinions formed from Martorell's "evaluation and inspection." This is not enough even under Rule 26's relaxed standard. *See, e.g.*, *O'Brien v. NCL (Bahamas) Ltd.*, No. 16-23284-CIV, 2017 WL 8315925, at *2 (S.D. Fla. Aug. 25, 2017).

That is not Roster's only problem. Expert disclosures must be made "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(C). Compliance with this requirement "is not merely aspirational." *Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004). It is necessary to allow "both sides . . . to prepare their cases adequately and to prevent surprise." *Id.* A party who violates Rule 26 may be prohibited from using the identified witness at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009).

6

Roster missed the expert disclosure deadline. And her decision not to respond to GeoVera's motion leaves the record silent about whether her conduct was substantially justified or harmless. What sanctions (if any) are appropriate is thus left for the Court to decide. *OFS Fitel, LLC v. Epstein, Becker & Green*, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008).

GeoVera seeks exclusion. (Doc. 37 at 12-13.) But exclusion is not required, even if Roster's actions are presumed harmful. *See Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 603 (11th Cir. 2019) (J. Carnes, concurring). "Rule 37(c)(1) continues to give the Court discretion to award alternative sanctions." *Pitts v. HP Pelzer Auto. Sys., Inc.*, 331 F.R.D. 688, 695 (S.D. Ga. 2019). Exclusion is considered a drastic remedy since it can dictate the outcome and preclude a decision on the merits. *See, e.g.*, *Rodriguez v. Walmart Stores E., L.P.*, No. 2:20-CV-474-SPC-NPM, 2021 WL 4750087 (M.D. Fla. Oct. 12, 2021).

The Court is not satisfied that exclusion is appropriate. Discovery has yet to close. Thus, any prejudice to GeoVera can be remedied by requiring Roster to update the disclosure and allowing additional expert discovery. That is the better option considering the importance of the evidence. Roster's conduct, at least at this point, does not warrant excluding testimony that may prove essential to her case. *See Pitts v. HP Pelzer Auto. Sys., Inc.*, 331 F.R.D.

7

688, 696 (S.D. Ga. 2019) (finding "exclusion [was] too drastic a sanction" where "[r]eopening discovery best fit[] the substantive harm").

It is thus **ORDERED**:

1. Defendant's Motion to Strike Plaintiff's Expert Witnesses and Expert Disclosures (Doc. 37) is GRANTED IN PART AND DENIED IN PART.

2. Plaintiff must update her disclosure for the expert witnesses already identified by January 20, 2023. It is Plaintiff's burden to assess whether the experts are retained or nonretained and modify the disclosure accordingly.

3. The Court will extend discovery and re-set Defendant's expert disclosure deadline to allow for a meaningful opportunity to explore Plaintiff's expert opinions, update its own expert report and opinions, and adequately prepare for any depositions. A new scheduling order will follow under separate order.

4. Defendant's Supplemental Motion to Strike (Doc. 46), which only supplements the Local Rule 3.01(g) certification with no other substantive changes, is DENIED AS MOOT.

**ENTERED** in Fort Myers, Florida this January 3, 2023.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record